UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>RYAN TERRY,<br><br>               Defendant. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL AND RESET DEADLINE FOR PRETRIAL MOTIONS |

This matter comes before the Court on the unopposed motion of Defendant Ryan Terry to continue the trial date from May 27, 2025, to August 25, 2025, and to reset the deadline for filing pretrial motions to July 14, 2025. Dkt. No. 447. The Government does not oppose Mr. Terry's motion. *Id.* at 1. For the reasons explained below, the Court grants the motion.[1]

On October 19, 2022, a grand jury returned an indictment charging all 10 defendants in this case with several counts related to a conspiracy to distribute controlled substances, including Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] The Court has continued the trial date for the other remaining arrested individuals in this case—Jose Paleo and Maria Rangel Aguilar—to August 25, 2025 as well. Dkt. No. 425.

841(b)(1)(A), and 846; Possession with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B); and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), (a)(1)(B)(i), and (a)(1)(B)(ii). Dkt. No. 1 at 1–5. Mr. Terry is charged with Conspiracy to Distribute Controlled Substances in Count 1 of the Indictment. *Id.* at 1–2.

Mr. Terry was arrested on March 31, 2025, and at his initial appearance, trial was set for May 27, 2025. Dkt. No. 436. Mr. Terry's counsel was appointed on March 31, and in light of the upcoming trial date, seeks a continuance to provide him "additional time to review discovery, complete any investigation, perform legal research, consider possible defenses, and consult with the defendant." Dkt. No. 447 at 2. In terms of discovery, Mr. Terry's counsel states that there are over 18,000 bates-stamped items and multiple terabytes of data containing pole camera footage. *Id.*

Based on the volume of discovery, and because counsel was appointed less than two months ago, the Court agrees that more time is necessary for effective preparation and representation of Mr. Terry's interests. Mr. Terry has filed a waiver under the Speedy Trial Act, waiving his rights to a speedy trial through September 8, 2025. Dkt. No. 451.

Given the nature and circumstances of this case, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Mr. Terry in any speedier trial. The Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice by denying Mr. Terry's counsel the reasonable time necessary to effectively prepare for trial, to review discovery, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses and mitigation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

1    For these reasons, the Court GRANTS the motion, Dkt. No. 447, and ORDERS that Mr.

2  Terry's trial shall be continued to August 25, 2025. It is further ORDERED that, pursuant to 18

3  U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial

4  date is EXCLUDED when computing the time within which their trial must commence under the

5  Speedy Trial Act. Pretrial motions are due no later than July 14, 2025.

6

7    Dated this 13th day of May, 2025.

8

9    _____
                                   Lauren King
10                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24