UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JOSE PALEO et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER GRANTING JOINT UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE |

　　　This matter comes before the Court on Defendants Ryan Terry and Maria Rangel Aguilar's joint unopposed motion to continue trial and the pretrial motions deadline. Dkt. No. 463. Mr. Terry and Ms. Rangel Aguilar seek to continue their trial from August 25, 2025 to January 12, 2026, and extend the pretrial motions deadline to December 1, 2025. *Id.* at 1. The Government does not oppose the motion. *Id.* at 3.

　　　Ms. Rangel Aguilar and Mr. Terry are two of 10 individuals charged on October 19, 2022 in a four-count indictment alleging conspiracy to distribute controlled substances, possession with intent to distribute, and conspiracy to commit money laundering. Dkt. No. 1 at 1–5. Ms. Rangel Aguilar is charged with conspiracy to commit money laundering in Count 4 of the Indictment, and

ORDER GRANTING JOINT UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE - 1

Mr. Terry is charged with Conspiracy to Distribute Controlled Substances in Count 1 of the Indictment. *Id.* at 1–2, 4.[1]

Both Ms. Rangel Aguilar and Mr. Terry seek more time to prepare for trial. *Id.* at 2–3. Mr. Terry was only recently arrested, and his "counsel has only been assigned to this case since March 31, 2025, leaving insufficient time to conduct discovery review and investigation necessary to effectively meet the current motion deadline and trial schedule." *Id.* at 2. Ms. Rangel Aguilar's counsel has had longer to prepare—she was appointed in November 2024—but she "was unable to obtain any work product from Ms. Rangel [Aguilar's] former attorneys for the previous two years of their representation including no discovery analysis, research, case investigation, or mitigation development that might otherwise have assisted a more timely preparation of Ms. Rangel Aguilar's defense." *Id.* This case is complex and discovery is voluminous, encompassing at least 129,322 electronic files; 43,100 wiretap interceptions; and 64 terabytes of pole camera videos. *Id.* at 3. Ms. Rangel Aguilar has waived her right to a speedy trial through February 12, 2026, Dkt. No. 463-1 at 1, and Mr. Terry has waived his speedy trial rights through January 26, 2026. Dkt. No. 464 at 1.

Given the complexity of this case, the volume of discovery, and the circumstances described above, and pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public, Ms. Rangel Aguilar, and Mr. Terry in any speedier trial.[2] The Court finds that failure to grant the requested continuance

---

[1] Defendant Jose Paleo—who does not oppose this motion, *see* Dkt. No. 463-2 at 1—is currently scheduled for a change of plea in this case, and defendant Octavio Guzman has not yet been arrested. Dkt. No. 463 at 1. The remaining defendants have already entered guilty pleas and been sentenced. *Id.*

[2] With this further continuance, the overall delay in this case—measured from the date of the indictment to the new trial date—is approximately 39 months. But this delay does not create Sixth Amendment speedy trial concerns, which are evaluated under the factors outlined in *Barker v. Wingo*, 407 U.S. 514 (1972) (courts look at length of delay, reason for delay, assertion of speedy trial rights, and prejudice). Mr. Terry has caused most of his delay—he was only arrested on March 31, 2025, and has since moved twice to continue trial. Dkt. Nos. 447, 463. For Ms. Rangel Aguilar, more

ORDER GRANTING JOINT UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE - 2

would likely result in a miscarriage of justice by denying counsel the reasonable time necessary to effectively prepare for trial, to review discovery, to investigate the matter, to gather evidence material to the defense, and to pursue possible defenses and mitigation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time granted herein is a reasonable period of delay and will be necessary to provide counsel reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the motion, Dkt. No. 463, and ORDERS that Ms. Rangel Aguilar and Mr. Terry's trial shall be continued to January 12, 2026. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which their trial must commence under the Speedy Trial Act. For the avoidance of doubt, this period of delay is excluded with respect to Mr. Paleo as well. *See* 18 U.S.C. § 3161(h)(6). Pretrial motions are due no later than December 1, 2025.

Dated this 15th day of July, 2025.

Lauren King
United States District Judge

---

of the delay was attributable to circumstances outside of her control—her prior counsel of two years was indicted in October 2024 on unrelated charges, and her current counsel received no work product from prior counsel. Dkt. No. 463 at 2. But even if the length of delay and reasons for it hint at Sixth Amendment concerns, she has not asserted her speedy trial rights in the manner envisioned by *Barker*, nor has she argued that she would be prejudiced by further delay (which is understandable, as she seeks that delay to allow her counsel more time to effectively prepare for trial). Finally, where, as here, the time limits of the Speedy Trial Act have been met, there is a "strong presumption" of compliance with the Sixth Amendment. *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995); *see also United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (it is "unusual" to find a Sixth Amendment violation when there is no Speedy Trial Act violation).

ORDER GRANTING JOINT UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE - 3